# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3793

_____

Kimberly Poller,                                     *
                                                     *
         Appellant,                           *
                                                     *   Appeal from the United States
     v.                                      *   District Court for the
                                                     *   Eastern District of Missouri.
Jo Anne B. Barnhart, Commissioner,                   *
Social Security Administration,                      *   [UNPUBLISHED]
                                                     *
        Appellee.                            *

_____

Submitted: October 26, 2006
Filed: October 31, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

     Kimberly Poller appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Upon careful review, we conclude that substantial evidence supports the administrative law judge's (ALJ's) decision that Poller is not disabled within the meaning of the Social Security Act. *See*

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

*Ellis v. Barnhart*, 392 F.3d 988, 993 (8th Cir. 2005) (standard of review). After ordering consultative neurological and psychological examinations and eliciting testimony from a vocational expert, the ALJ found that Poller retains the residual functional capacity to perform a wide range of light work and the full range of sedentary work. Poller has not shown prejudice from the ALJ's failure to further develop the record, *see id.* at 994 (to remand for additional evidence, claimant must establish that ALJ's failure to fully develop record resulted in prejudice), and the ALJ gave good reasons for discrediting Poller's complaints of disabling pain, *see Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (this court will not disturb decision of ALJ who considers, but for good cause expressly discredits, claimaint's complaints of disabling pain).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____